# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Charlton Glen Ward,

    Petitioner,

v.

Charles L Ryan, et al.,

    Respondents.

No. CV-18-04090-PHX-DWL

**ORDER**

On November 15, 2018, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 ("the Petition"). (Doc. 1.) On November 6, 2019, Magistrate Judge Bibles issued a Report and Recommendation ("R&R") concluding the Petition should be denied. (Doc. 15.) Afterward, Petitioner filed objections to the R&R (Doc. 16) and Respondents filed a response (Doc. 17). For the following reasons, the Court will overrule Petitioner's objections to the R&R, deny the Petition, and terminate this action.

I.    <u>Background</u>

The relevant factual and procedural background is set forth in the R&R. In a nutshell, Petitioner pleaded guilty in January 2005 to one count of sexual exploitation of a minor and one count of attempted sexual exploitation of a minor. (Doc. 15 at 2.) In the plea agreement, Petitioner stipulated that he would receive a 28-year sentence and further stipulated that he "waive[d] . . . any and all motions, defenses, objections, or requests that could have been raised . . . to the court's entry of judgment against him and imposition of sentence consistent with this agreement." (*Id.*)

In March 2005, Petitioner was sentenced consistent with the plea agreement. (*Id.* at 3.)

On May 16, 2005, Petitioner filed a timely notice of post-conviction relief ("PCR") pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. (*Id.*) Petitioner's court-appointed counsel thereafter filed a notice that she could find no arguable issues to raise on Petitioner's behalf. (*Id.*) The trial court then granted leave to Petitioner to file a pro per petition, but he failed to do so. (*Id.*) Accordingly, on February 21, 2006, the trial court dismissed the Rule 32 action. (*Id.*) Petitioner did not seek review of that dismissal by the Arizona Court of Appeals. (*Id.*)

On May 5, 2016—more than 10 years later—Petitioner filed a "petition for writ of habeas corpus" in the state trial court. (*Id.*) In this filing, Petitioner argued that the indictment in his case was jurisdictionally defective because it failed to identify the actual minor victim of the offense. (*Id.*) On September 6, 2016, Petitioner filed a second, similar petition. (*Id.*)

On September 22, 2016, the state trial court issued an order construing both petitions as a single Rule 32 PCR notice. (*Id.*) In that order, the court further concluded that Petitioner wasn't entitled to relief because (1) his petitions were untimely, (2) his petitions were seeking to raise an issue that could have been raised in Petitioner's original Rule 32 notice in May 2005, and (3) in any event, Petitioner's jurisdictional theory lacked merit because he waived any objection to the sufficiency of the indictment by pleading guilty and failing to file a pretrial motion. (*Id.*) The state trial court subsequently denied several vacatur motions that Petitioner filed. (*Id.* at 4.) Petitioner never sought review of the trial court's orders by the Arizona Court of Appeals.

On September 14, 2017, Petitioner submitted a "petition for writ of habeas corpus" to the Arizona Supreme Court. (*Id.*) On February 5, 2018, the Supreme Court dismissed this petition. (*Id.*) Petitioner also filed a petition for special action in the Arizona Court of Appeals, but the Court of Appeals declined jurisdiction in March 2018 and the Supreme Court denied relief in August 2018. (*Id.*)

| | |
|---|---|
| 1 | On November 15, 2018, Petitioner filed the Petition. (Doc. 1.) It asserts only one ground for relief—specifically, that Petitioner's indictment was insufficient because it failed to identify the minor who was the alleged victim, that this defect was jurisdictional in nature, and that the trial court therefore lacked jurisdiction to accept Petitioner's plea or sentence him. (*Id.*) |

On November 15, 2018, Petitioner filed the Petition. (Doc. 1.) It asserts only one ground for relief—specifically, that Petitioner's indictment was insufficient because it failed to identify the minor who was the alleged victim, that this defect was jurisdictional in nature, and that the trial court therefore lacked jurisdiction to accept Petitioner's plea or sentence him. (*Id.*)

The R&R was issued on November 6, 2019. (Doc. 15.) First, the R&R concludes the Petition is barred by AEDPA's one-year statute of limitations because Petitioner's conviction became final for AEDPA purposes on March 23, 2006 (*i.e.,* 30 days after the trial court dismissed his first Rule 32 action) yet the Petition wasn't filed until November 2018. (*Id.* at 5-7.) The R&R further concludes that Petitioner's state-court litigation activity in 2016 and 2017 didn't properly toll the statute of limitations (both because it began well after the one-year limitations period had expired and because it didn't constitute a "properly filed" action for state post-conviction relief) and that Petitioner isn't entitled to delayed accrual under 28 U.S.C. § 2244(d)(1)(D) because he merely "asserts that he did not discover the *legal* argument underpinning his claim until 2016, rather than alleging he did not discover the *factual* basis for his claim, i.e., that the indictment was insufficiently written, until 2016." (*Id.* at 7.)

Second, and alternatively, the R&R concludes the Petition should be denied because "the claim stated in Ward's federal habeas petition was procedurally defaulted in the state courts." (*Id.* at 7-9.) Specifically, the R&R states that Petitioner didn't seek to raise this claim until his 2016/2017 filings in state court, that the Arizona appellate courts therefore found this claim to be "barred by Arizona's rules regarding untimely and successive Rule 32 actions and the waiver of claims," and that these doctrines "have been found to be 'adequate and independent' state procedural rules." (*Id.*) Finally, the R&R also concludes that Petitioner cannot show prejudice sufficient to excuse this procedural default because the law is well settled that a criminal defendant waives any jurisdictional challenge to an indictment by pleading guilty. (*Id.*)

Third, given these conclusions, the R&R ends by recommending that the Court deny

any request for a certificate of appealability. (*Id.* at 11.)

II. <u>Legal Standard</u>

A party may file written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"). Those objections must be "specific." *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added).

District courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").

III. <u>The Objections To The R&R</u>

Petitioner's first objection concerns the R&R's statute-of-limitations analysis. (Doc. 16 at 2.) He contends the R&R incorrectly construed his § 2244(d)(1)(D) claim as being based on the late discovery of a new legal theory when, "[i]n fact, Ward asserted the exact opposite as to the discovery 'of the factual predicate regarding his insufficient indictment elements/jurisdiction claim' in 2016." (*Id.*, citation omitted.) Respondents disagree, arguing that although Petitioner seeks to characterize his 2016 discovery as factual in nature, he "misunderstands the meaning of those words. The 'factual predicate' of his claim is the wording of the indictment, which Ward has been aware of since it was issued. Whether the indictment was insufficient because it did not identify any 'actual minor' under 15 years of age . . . is a *legal* argument, and it was this legal basis of his claim that Ward alleges he did not become aware of until he met other inmates who were advancing that legal argument. Thus, the R&R correctly concluded that Ward's habeas petition was barred by the statute of limitations." (Doc. 17 at 2.)

The Court agrees with Respondents on this point and will thus overrule Petitioner's objection to the R&R's statute-of-limitations analysis. Under AEDPA, the one-year limitations period may begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). But here, Petitioner was aware from the outset of his state-court prosecution of the factual predicate underlying his present claim for habeas relief—the wording of his indictment. In contrast, the conversations that Petitioner had with other inmates in 2016 merely led him to suspect this fact might have some legal significance. Delayed accrual under § 2244(d)(1)(D) isn't available in this circumstance. *See, e.g., Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003) ("[T]he date of the "factual predicate" for Redd's claim under § 2244(d)(1)(D) is . . . determined independently of the exhaustion requirement by inquiring when Redd could have learned of the factual basis for his claim through the exercise of due diligence."); *Holmes v. Spencer*, 685 F.3d 51, 59 (1st Cir. 2012) ("We have interpreted § 2244(d)(1)(D)'s reference to the phrase 'factual predicate' to mean 'evidentiary facts or events[,] and not court rulings or legal consequences of the facts.'") (citation omitted).

Given this conclusion, the Court need not resolve Petitioner's objection to the R&R's exhaustion and procedural default analysis. (Doc. 16 at 3-4.)

Petitioner's last objection concerns the R&R's recommendation that the Court deny a certificate of appealability. (Doc. 16 at 4-8.) This objection will be overruled. Regardless of whether Petitioner's constitutional claim is debatable, no jurist of reason could find the statute-of-limitations bar in this case debatable.

Accordingly, **IT IS ORDERED** that:

(1) Petitioner's objections to the R&R (Doc. 16) are **overruled**.

(2) The R&R's recommended disposition (Doc. 15) is **accepted**.

(3) The Petition (Doc. 1) is **denied**.

(4) A Certificate of Appealability and leave to proceed in forma pauperis on appeal are **denied** because jurists of reason would not find it debatable whether the Court

1 | was correct in its procedural ruling.

2 |     (5)    The Clerk shall enter judgment accordingly and terminate this action.

3 |     Dated this 3rd day of February, 2020.

Dominic W. Lanza
United States District Judge